UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RICHARD W. PORTER, JR.,**<br><br>Plaintiff,<br><br>v.<br><br>**COMMONWEALTH OF MASSACHUSETTS, et al.,**<br><br>**Defendants.** | **CIVIL ACTION**<br>**NO. 23-40179-DHH** |

## REPORT AND RECOMMENDATION

**January 25, 2024**

**Hennessy, M.J.**

*Pro se* Plaintiff Richard W. Porter, Jr. brings this action against the Commonwealth of Massachusetts, the City of Methuen, and John K. Murphy. Plaintiff is confined at the Worcester Recovery Center and Hospital. For the reasons stated below, the Court RECOMMENDS that this action be DISMISSED as frivolous, and Plaintiff's motion to proceed *in forma pauperis* be denied as moot in light of the Court's recommendation.

**I.   Factual Background**

Plaintiff alleges that Defendant Murphy has unlawfully occupied a property located at 31 Winston Avenue in Wilmington, Massachusetts (the Property) for thirty-three years. Dkt. No. 1. Plaintiff also alleges that one Phyllis Porter was a "debtor" in a federal bankruptcy proceeding and listed the Property in the proceeding. *Id.* Porter claims that the Commonwealth and the City of Methuen wrongfully recorded deeds for a property in Methuen that did not identify Phyllis Porter as the true owner. *Id.* The allegations fail to identify Phyllis Porter or Plaintiff as the

rightful owner of property mentioned in the Complaint, although Plaintiff alleges that his company paid for the Property. *Id.* Plaintiff claims Defendant Murphy owes him back rent in the amount of $5,000 per month for the last thirty-three years. *Id.*

Plaintiff's claim that Defendant Murphy wrongfully occupies his property is largely identical to claims Plaintiff has made in eight other actions filed in this Court between October 3, 2023, and December 4, 2023, concerning properties in New Hampshire and Massachusetts.[1] *Porter v. Morino*, C.A. 23-40133-MRG (concerning 16 Babson St., Wakefield, MA and 9 Brentwood Rd., North Reading, MA); *Porter v. Candia Police Dep't*, C.A. 23-40143-MRG (concerning 564 Old Candia Rd., Candia, NH); *Porter v. Thompson*, C.A. 23-40148-MRG (same); *Axcella Building Realty Trust v. Thompson*, C.A. 23-40151-MRG (same); *Porter v Candia Police*, C.A. 23-40152-MRG (same); *Porter v. State of New Hampshire*, C.A. No. 23-40157-MRG (same); *Porter v. St. Onge*, C.A. No. 23-40149-MRG (concerning 355 Deerfield Rd., Allenstown, NH); *Porter v. D + C Revocable Family Trust.*, CA 23-40170-MRG (same).

Plaintiff has also alleged that in 2017, upon the application of Nancy Morino (who resides at a Massachusetts property which is the subject of one of Plaintiff's lawsuits), the Malden District Court issued a harassment prevention order against a person named "Robert Porter," but that Plaintiff has been wrongfully committed for psychiatric treatment based on her false accusations that Plaintiff violated this abuse prevention order. *See, e.g.*, *Porter v. Commonwealth*, C.A. No. 23-40084-MRG.

Further, on April 17, 2017, after dismissal of his bankruptcy action in the Bankruptcy Court of the District of Massachusetts, Plaintiff filed documents in the closed action in which

---

[1] The Court takes judicial notice of documents Porter has filed in other proceedings. *See Law Offices of David Efron v. Matthews & Fullmer Law Firm*, 782 F.3d 46, 56 n.7 (1st Cir. 2015).

he sought eviction of individuals living in New Hampshire properties which he claimed to own. *See In re Porter*, Bankr. No. 17-10977 (Bankr. D. Mass.) (ECF #19) (referring to 6 Mallard Ln., Londonderry, NH; 38 Ritar Cir. Rd., Northwood NH; 3 Longre Rd., Merrimack, NH).

II.  Discussion

   A.  Frivolity

A federal district court has inherent power to dismiss a frivolous action. *See, e.g.*, *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989); *Budnick v. Doe*, No. 14-1560, 2015 WL 13928988, at *1 (1st Cir. Jan. 6, 2015); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (per curiam); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985)). As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff. Rather, in legal parlance, a complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, the Court is permitted to dismiss a case *sua sponte* without affording a plaintiff leave to amend his complaint when it is "crystal clear" that the plaintiff cannot prevail on the stated claims and any amendment would be futile. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001).

The Court concludes that the Complaint in this action, especially when viewed in the context of the Plaintiff's litigation history, lacks an arguable basis either in law or in fact. Firstly, Plaintiff is not allowed to assert claims on behalf of others. Plaintiff may represent *himself* in Court, but he cannot represent any other party unless he is a licensed attorney, and, insofar as he purports to do so, he does not have standing to bring claims for Phyllis Porter's alleged injury. *See O'Diah v. Volkswagen of Am., Inc.*, 91 F. App'x 159, 160 (1st Cir. 2004);

L.R. 83.5.5(b) (D. Mass.). Furthermore, the allegations of Phyllis Porter's relationship to the Property—whether as an asset or liability—are unclear.

Secondly, nothing in the handwritten, bare bones complaint asserts a factual basis for Plaintiff's claims. Plaintiff simultaneously alleges that Phyllis Porter was in control of the Property from 1988 to 2003, and that Plaintiff built a modular home on the Property in 1990. Plaintiff fails to allege ownership of such property or whether, for example, he holds a contractor's lien. To the contrary, in his motion to proceed *in forma pauperis* Plaintiff attests that he doesn't own any real estate or financial instrument of value. Dkt. No. 4.

Finally, allowing Plaintiff to amend his complaint would be futile. Plaintiff has routinely asked this Court, the state of New Hampshire, and the District of Massachusetts's Bankruptcy Court to adjudicate claims of wrongfully occupied property without providing any proof that he rightfully owns the property. Furthermore, as noted, in Plaintiff's application to proceed *in forma pauperis*, he avers under penalty of perjury that he owns no real estate or other assets. Dkt. No. 4. The Court is mindful that a *sua sponte* dismissal without leave to amend is "strong medicine." *Gonzalez-Gonzalez*, 257 F.3d at 33. However, Plaintiff filings and litigation history in Massachusetts and New Hampshire strongly suggest his lawsuits are lacking a legal and factual basis.

Thus, the Court recommends this action be dismissed as frivolous and Plaintiff be denied leave to amend his complaint as doing so would be futile.

### B. Motion for Leave to Proceed *in Forma Pauperis*

Although the information in Plaintiff's motion for leave to proceed *in forma pauperis* suggests that he is unable to prepay the filing fee, the Court nevertheless declines to adjudicate the motion. It is unclear whether Plaintiff is a "prisoner" within the meaning of the federal *in*

*forma pauperis* statute. This statute's definition of a "prisoner" includes pretrial detainees, *see* 28 U.S.C. § 1915(h), including those who are subject to an order of commitment entered in a criminal action and are not confined in a correctional facility. *Compare Gibson v. City Municipality of New York*, 692 F.3d 198, 202 (2d Cir. 2012) (per curiam) (holding that pretrial detainee confined in a mental hospital pursuant to a temporary order of observation was a "prisoner" for purposes of 28 U.S.C. § 1915(h)), *and Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004) (holding that civilly committed person whose criminal proceedings were held in abeyance during treatment for mental illness was a "prisoner"), *with Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that civilly committed person, who was not charged with a crime or serving a term of incarceration, was not a "prisoner"). A prisoner seeking leave to proceed without prepayment of the filing fee in a non-habeas action must include with his *in forma pauperis* motion a "copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each [facility] at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

      Plaintiff did not file a 6-month institutional account statement with his *in forma pauperis* motion, but it is unclear that he was required to do so. The Court is aware of a pending state criminal prosecution against him, *see Commonwealth v. Porter*, 2350CR000951 (Malden Dist. Ct., Mass.), and Plaintiff has represented that another order for his commitment was issued on October 18, 2023. *See Porter v. Wenzel*, C.A. No. 23-40153-MRG (Dkt. No. 1). However, it is unclear whether his present confinement at Worcester Recovery Center and Hospital is pursuant to an order of commitment issued in the criminal case. Regardless, the motion for leave to

proceed *in forma pauperis* should be denied as moot should the Court adopt the Report and Recommendation dismissing the instant action as frivolous.

If the Court declines to adopt the Report and Recommendation dismissing the case as frivolous, I recommend Plaintiff be ordered to show cause why the Court should not assess an initial filing fee and collect the remainder of the fee in accordance with 28 U.S.C. § 1915(a)(2)-(b), as it appears upon review of the Complaint that Plaintiff is a "prisoner" under 28 U.S.C. § 1915(h).[2]

## IV. Conclusion

For the reasons set forth above, the undersigned RECOMMENDS that the action be DISMISSED as frivolous and that Plaintiff's motion for leave to proceed *in forma pauperis* be denied as moot.[3]

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[2] The Court notes other filing fee requirements for litigants who are prisoners within the meaning of the *in forma pauperis* statute. If a prisoner is allowed to proceed without prepayment of the filing fee in a non-habeas civil action, he must pay the statutory $350 filing fee over time, regardless of the duration or outcome of the lawsuit. *See* 28 U.S.C. § 1915(b)(1)-(2). Further, a prisoner who "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," cannot proceed without prepayment of the filing fee unless the allegations in his complaint show he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[3] The Parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), they are entitled to object to the Court's Report and Recommendation by filing a specific written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation. Such written objections must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for those objections. The Parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See, e.g., M. v. Falmouth Sch. Dep't*, 847 F.3d 19, 26 (1st Cir. 2017); *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988).